IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEANDRO ALBERTO QUIROGA,**

    Petitioner,

v.                                                            Civil Action No. **3:20CV536**

**HAROLD W. CLARKE,**

    Respondent.

### MEMORANDUM OPINION

Leandro Alberto Quiroga, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 8) challenging his convictions in the Circuit Court for the County of Chesterfield ("Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Quiroga has responded ("Response," ECF No. 23) and filed a Motion to Amend Petitioner's "Reply" to the Respondent's Motion to Dismiss. (ECF No. 25.) The Motion to Amend (ECF No. 25) will be GRANTED to the extent that the arguments therein supplement the Response.[1] For the reasons set forth below, the Motion to Dismiss (ECF No. 16) will be GRANTED.[2]

### I. PROCEDURAL HISTORY

A jury convicted Quiroga of three counts of possession with the intent to distribute marijuana, third or subsequent offense, and one count of conspiracy to distribute marijuana. (*See* ECF No. 18-1, at 1.) The jury fixed Quiroga's sentence at twenty years (five years on each count),

---

[1] The Court will not consider any reference to, or argument from, his original unstandardized petition in either the Response or the Motion to Amend. *See infra* n.4.

[2] The Court corrects the capitalization, spelling, and punctuation in the quotations from Quiroga's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions

and after reviewing the presentence report, the Circuit Court imposed a twenty-year sentence. (*Id.* at 2.) The Court entered judgment on April 19, 2016. (*Id.*) Quiroga did not appeal.

On May 1, 2017, Quiroga, by counsel, filed a petition for a writ of habeas corpus in the Circuit Court. (*See* ECF No. 18-2, at 2.) On September 1, 2017, the Circuit Court dismissed several claims and ordered an evidentiary hearing on one claim. (*See id.* at 12.)[3] On May 1, 2018, the Circuit Court dismissed the remaining claim and denied the habeas petition (ECF No. 18-3, at 1), and a Final Order was entered on June 14, 2018. (ECF No. 18-4, at 2.) Quiroga appealed. On July 10, 2019, the Supreme Court of Virginia denied the appeal. (ECF No. 18-5, at 1.)

On July 8, 2020, Quiroga filed the instant § 2254 Petition.[4] In his § 2254 Petition, Quiroga asserts the following claims for relief:

> Claim One: Counsel rendered ineffective assistance by "failing to adequately and candidly explain that convictions on the charges would result in at least at a minimum twenty years in prison and that sentence would be 'active' time to serve with no other choice by the jury or judge but to impose such a

---

[3] The Circuit Court granted an evidentiary hearing on the claim that counsel rendered ineffective assistance by failing to explain to Quiroga that if he decided to go to trial instead of accept an alleged plea offer, "convictions of the charges would result in at least (20) years in prison and that sentence would be active to serve with no other choice by the jury or the judge but to impose such sentence." (ECF No. 18-2, at 2.)

[4] Quiroga indicates that he placed his original handwritten § 2254 petition in the prison mailroom on this date (ECF No. 1, at 114), and the Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court later required Quiroga to file his § 2254 petition on the standardized form and the Court has explained more than once to Quiroga that
> [t]he Court's consideration of Petitioner's grounds for habeas relief shall be limited to the ground and supporting facts concisely set forth on this standardized form and on any attached pages. Petitioner may not incorporate other documents by reference. The § 2254 form will replace the previously filed habeas petition in its entirety.

(*See* ECF Nos. 4, 7, 10.) The Court has also denied Quiroga's request to consider his original handwritten § 2254 petition as a memorandum in support of his § 2254 Petition (ECF No. 10, at 2), and as a legal brief opposing the Motion to Dismiss. (ECF No. 24, at 1–2.) The Court explained, "Petitioner is warned that the Court WILL NOT CONSIDER any argument or reference to the original unstandardized § 2254 petition." (*See id.* at 2.) The Court repeats again that it will only consider those claims raised in the standardized § 2254 Petition and will not consider any argument or reference to the original unstandardized § 2254 petition.

|              |                                                                                                                                                                                                                                                                                                                  |
|--------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|              | sentence." If Quiroga had known this, he would have taken an alleged plea offer with a six-year-sentence. (ECF No. 8-2, at 1–3.)                                                                                                                                                                                  |
| Claim Two:   | Counsel rendered ineffective assistance "for failing to mention and advise the Petitioner of immigration consequences, essentially a mandatory deportation clause and, in turn, failing to negotiate a similar plea offer with a non-deportation clause." (*See* ECF No. 9, at 1.) |

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Quiroga's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1.  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2.  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Quiroga's conviction became final on Thursday May 19, 2016, the last day to note an appeal. *See* Va. Sup. Ct. R. 5A:6 (West 2021); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).

### C. Statutory Tolling

Quiroga filed his state petition for writ of habeas corpus on May 1, 2017. At that point, 346 days of the limitation period had run. The limitation period was tolled while that petition was pending. *See* 28 U.S.C. 2244(d)(2). The statute of limitations began to run again when the Supreme Court of Virginia denied his appeal on July 10, 2019. Quiroga had only 19 days remaining of the limitation period, and the limitation period expired on July 29, 2019. Quiroga failed to file his § 2254 Petition until July 8, 2020, nearly a year beyond the expiration of the limitation period. Accordingly, the § 2254 Petition is untimely unless Quiroga demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or an equitable exception, the action is barred by the statute of limitations.

With respect to Claim Two, Quiroga, appears to suggest an entitlement to a belated commencement of the limitations period under § 2244(d)(1)(C) and (D). Moreover, Quiroga contends that the Court should equitably toll the limitation period for both of his claims. The Court has sorted through Quiroga's lengthy submissions for any conceivable timeliness argument and finds that his arguments and the facts he presents in support are internally inconsistent, making them even less viable.

### D. Factual Predicate of Claim Two

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) "[A] factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007)). Vital facts are "those without which the claim would necessarily be dismissed;" that is, facts without which "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.*

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). Therefore, "[c]onclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Rivas*, 687 F.3d at 535.

In Claim Two, Quiroga contends that counsel rendered ineffective assistance "for failing to mention and advise the Petitioner of immigration consequences, essentially a mandatory deportation clause and, in turn, failing to negotiate a similar plea offer with a non-deportation clause." (ECF No. 9, at 1.) Quiroga contends that he "received an 'Offender Detainer Notification' on May 22, 2018 while incarcerated at Chesterfield Count Jail. That was when Petitioner learned

5

that he would be deported back to Columbia." (*Id.* at 2.) However, despite his contentions, the initiation of deportation proceedings is not the factual predicate to Claim Two. Quiroga knew that he was not a citizen of the United States and could therefore be deported when he committed the crimes. As soon as he was found guilty by the jury, Quiroga was subject to mandatory deportation, and thus, any factual predicate for his ineffective assistance of counsel claim existed at that time. *See Cineas v. Strange*, 2:13cv572–WHA, 2015 WL 3736030, at *5 (M.D. Ala. June 15, 2015) (explaining that the "fact" that petitioner was not counseled about his conviction carrying deportation was available at time of guilty plea). The formal initiation of deportation proceedings, at most, caused Quiroga to learn of the legal consequences of his conviction. *See Gayle v. Bermudez*, 1:15–cv–7108(FB), 2018 WL 3998957, at *3 (E.D.N.Y. Aug. 21, 2018). But "[u]nder § 2244(d)(1)(D), the limitation period begins to run when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes [its] legal significance." *McKinney v. Ray*, No. 3:07CV266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Thus, the factual predicate of Quiroga's claim was discoverable, through any measure of diligence, at the time of his conviction. Therefore, § 2244(d)(1)(D) fails to make his § 2254 Petition timely.

### E. Newly Recognized Right in Claim Two

Under the section of the standardized § 2254 Petition purportedly addressing exhaustion, Quiroga indicates that Claim Two only became available to him when the United States Supreme Court decided *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017), on June 23, 2017, and the limitations period should run from the date that the Sixth Circuit, in *Rodriguez-Penton v. United*

6

*States*, 905 F.3d 481 (2018), purportedly recognized the right as retroactive on October 2, 2018.[5] (ECF No. 23, at 10, 12.) Quiroga apparently believes that he is entitled to a belated commencement under § 2244(d)(1)(C), which provides that the one-year limitation period may commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2244(d)(1)(C). However, *Lee* is not a newly recognized right under § 2244(d)(1)(C) and this forecloses Quiroga's argument for a belated commencement.[6] *See Stewart v. United States*, Nos. 3:18–CV–101, 3:13–CR–50–1, 2019 WL 9077308, at *3 (N.D. W. Va. Nov. 19, 2019), *R & R adopted by*, Nos. 3:13–CR–50–1, 3:18–CV–101, 2020 WL 1164833 (N.D. W. Va. Mar. 11, 2020); *Collins v. United States*, No. 17–cv–3151, 2018 WL 283237, at *2 (C.D. Ill. Jan. 3, 2018).[7]

**F.     Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is

---

[5] Despite Quiroga's characterization of the case, *Rodriquez-Penton* did not recognize *Lee* as a new rule. *See* 905 F.3d at 489–90 (explaining that "the constitutional right at issue in this case is not some newly minted right to plea bargaining; it is the long-recognized right to effective assistance of counsel").

[6] Quiroga's argument is also misguided because the Supreme Court, not a circuit court, must recognize the right as retroactive. *Cf. Tyler v. Cain*, 533 U.S. 656, 663–64 (2001).

[7] In the alternative, although untimely, Claim Two also clearly lacks merit. Quiroga faults counsel for failing to make him aware of his mandatory deportation and for failing to negotiate a plea agreement that contained an agreement not to deport him. Quiroga was convicted *after a jury trial*, not after entry of a plea. Thus, Quiroga fails to demonstrate how counsel's alleged failure to make him aware of mandatory deportation had any bearing on Quiroga's decision whether to plead guilty or proceed to trial. Quiroga clearly was subject to mandatory deportation whether he was found guilty after a jury trial or after a guilty plea. Moreover, counsel could not have negotiated any term regarding deportation without a guilty plea and a subsequent plea agreement. Therefore, the Court fails to discern how counsel was deficient or how Quiroga was prejudiced in any way, as he did not plead guilty, and counsel cannot be faulted for failing to obtain a plea agreement with this provision.

7

'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he meets both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Quiroga raises two arguments for equitable tolling: (1) that his lack of knowledge of the law and filing deadlines should excuse his tardy filing, and (2) that habeas counsel failed to tell him about the filing deadlines for a federal habeas. As discussed below, neither argument entitles Quiroga to an equitable tolling of the limitation period as the failure to timely file the § 2254 Petition was solely due to Quiroga's own lack of diligence.

### 1. Ignorance of the Law

Quiroga states as follows: "The petitioner admits he gravely misunderstood the federal habeas statute of limitation. The petitioner who is not schooled in law thought that the one-year limitation started once he received the dismissal order from the Supreme Court of Virginia on July 10, 2019." (ECF No. 23, at 4.) Quiroga's misunderstanding of the limitation period is not an extraordinary circumstance. Nor has Quiroga demonstrated that he acted with due diligence with respect to filing his federal petition, as discussed below. Contrary to Quiroga's suggestion, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citation omitted). Accordingly, Quiroga fails to demonstrate an entitlement to equitable tolling on this basis.

### 2. Counsel's Failure to Notify Quiroga of the Deadline

Quiroga also faults his state habeas counsel for failing to notify him of the federal statute of limitations. Quiroga argues:

> The petitioner could only speculate that habeas counsel thought the petitioner would be able to afford a lengthy engagement with habeas counsel, but sadly the petitioner had exhausted all his saving[s] during the initial proceedings. Shortly after the dismissal from the Circuit Court on May 1, 2018, the petitioner informed counsel he could no longer afford his services. Before parting ways, habeas counsel informed the petitioner that he had until July 16, 2018 to file a notice of appeal and September 12, 2018 to file an appeal with the Supreme Court of Virginia. However, habeas counsel did not indulge in notifying the petitioner regarding [the] federal statute of limitation[s] or that the petitioner only had 19 days left to file a federal petition. The petitioner complied with both the latter time limits in the state.

(ECF No. 23, at 4.) The Court fails to discern why Quiroga believes it was his former state habeas counsel's duty to provide him with a calculation of the federal statute of limitations when Quiroga had not yet made it through his state appeals, and when counsel was no longer representing Quiroga. Nevertheless, Quiroga's former state habeas counsel's lack of advice about the federal statute of limitations fails to excuse Quiroga' tardy filing. Simply put, an error of counsel is not an extraordinary circumstance, and fails to serve as a ground for equitable tolling. *See Rouse v. Lee*, 339 F.3d at 238, 248–49 (4th Cir. 2003) (explaining that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding" (quoting *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000))).

Moreover, Quiroga wholly fails to detail how he diligently pursued his rights during the time after the Supreme Court of Virginia dismissed his habeas appeal on July 10, 2019 through June 8, 2020, when he filed his § 2254 Petition. This alone forecloses Quiroga's entitlement to equitable tolling. *Yang*, 525 F.3d at 930 (citation omitted); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239

9

F.3d 626, 630 (4th Cir. 2001))). Instead, the record shows that Quiroga's lack of diligence, rather than his unfamiliarity with the federal limitations period, led to the delay in filing his § 2254 Petition.

In sum, Quiroga "fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Because Quiroga fails to demonstrate entitlement to equitable tolling, the statute of limitations bars his § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Quiroga's Motion to Amend (ECF No. 25) will be GRANTED. Respondent's Motion to Dismiss (ECF No. 16) will be GRANTED. Quiroga's § 2254 Petition will be DENIED. A certificate of appealability will be DENIED.[8] The action will be DISMISSED.

An appropriate Final Order shall issue.

Date: 1 June ~~May~~ 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[8] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Quiroga fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.